UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GIOVANNIE H. SALAZAR, as Personal
Representative of the estate of Glenn A.
Tiede, deceased,

    Plaintiff,

    v.

JAY A. MORRIS, d/b/a Jay Morris
Trucking, *et al.*,

    Defendants.

CASE NO. 3:19-CV-104-DRL-MGG

**OPINION AND ORDER**

On March 10, 2020, Plaintiff filed his Motion Seeking Leave to File Second Amended Complaint Adding Survival Counts Against All Defendants. On March 24, 2020, Defendants filed their response in opposition. Plaintiff's motion became ripe on Aprail 1, 2020, without any reply brief being filed.

As a preliminary matter, Plaintiff's failure to reply may be enough to doom his motion. Without filing a reply, Plaintiff has not addressed the legal arguments raised by Defendants in their response brief. As a result, the Court can only assume that Plaintiff does not object to Defendants' arguments and conclusions. Beyond this technicality, however, Plaintiff's motion also fails on the merits as discussed below.

**Indiana Journey's Account Statute**

Plaintiff suggests that his requested amendment to add survival claims to this wrongful death action should be allowed under the Indiana Journey's Account Statute. Plaintiff relies upon the sections of that statute that provide:

> (a) This section applies if a plaintiff commences an action and
>  (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
>  . . . .
> (b) If subsection (a) applies, a new action may be brought not later than the later of:
>  (1) three years after the date of such determination under subsection (a); or
>  (2) the last date an action could have been commenced under the statute of limitations governing the original action;
> and may be considered a continuation of the original action commenced by the plaintiff.

Ind. Code § 34-11-8-1. Amended claims can be preserved by the Journey's Account Statute even if they were not raised in the original action. *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1166 (Ind. 2002). Here, the procedural history of this case is key.

In December 2017, Plaintiff initiated his wrongful death action in an Illinois court. That court dismissed Plaintiff's case in August 2018 pursuant to the doctrine of *forum non conveniens*. Plaintiff then filed his original complaint before this Court on February 19, 2019, raising the same wrongful death claims dismissed in Illinois. On July 1, 2019, this Court entered its Rule 16(b) Scheduling Order setting October 1, 2019, as the deadline for Plaintiff "to amend the pleadings without leave of court." [DE 30 at 2]. The Court then expressly noted that "[t]hereafter, any amendments to the pleadings must be by motion and leave of court." [DE 30 at 2].

Here, Plaintiff argues that the dismissal of his Illinois case in August 2018 qualifies him under the Indiana Journey Account Statute for an additional three years to make his claims, including the instant proposed survival claims, in this Court. Plaintiff explains that his case was not dismissed due to negligence. Arguably, Plaintiff has already taken advantage of the Journey's Account Statute by filing his wrongful death claim in this Court more than two years after the death of Glenn A. Tiede in October 2016. *See* Ind. Code § 34-23-1-1 (establishing two-year statute of limitations for wrong death claims by decedents' personal representatives). Even assuming that the Journey's Account Statute also preserved Plaintiff's proposed survival claims on limitations grounds, the Statute does not preclude application of relevant procedural standards set forth in the Federal Rules of Civil Procedure. Indeed, "the *Erie* doctrine provides that federal courts sitting in diversity apply state substantive law and federal procedural law." *Hahn v. Walsh*, 762 F.3d 617, 629 (7th Cir. 2014) (internal quotations omitted); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Thus, the Court turns its attention to Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 15(a)(2).

## Rule 16(b)(4) Good Cause and Rule 15(a)(2)

Plaintiff asks the Court to apply the liberal amendment standard set forth in Fed. R. Civ. P. 15(a)(2) to his instant motion. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." When justice requires it, leave should be freely given. *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

3

undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

What Plaintiff does not account for is the heightened standard of good cause that is applicable in tandem with Rule 15(a)(2) in this case because Plaintiff's deadline to amend his pleadings, set by this Court, has already expired. [*See* DE 30 at 2]. "[W]hen a motion for leave to amend is filed after the deadline for amending the pleadings has elapsed, the generous standard in Rule 15(a)(2) for allowing amendments 'is in some tension with' Rule 16(b)(4), which governs scheduling orders and requires a showing of good cause to justify modifying time limits." *Adams v. City of Indianapolis*, 742 F.3d 720, 733–34 (7th Cir. 2014) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). "In this situation, the district court is 'entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied.'" *Id.* (quoting *Alioto*, 651 F.3d at 719); *see also* Fed. R. Civ. P. 6(b)(1)(B).

Here, Plaintiff has not demonstrated the good cause required under Rule 16(b)(4). Plaintiff offers no rationale for filing this motion to amend more than four months after his amendment deadline on October 1, 2019. Plaintiff does not even suggest that he only recently learned of the applicability of the survival claims he seeks to add to him. Rather, Plaintiff emphasizes that Defendants will not be prejudiced by the amendment. Prejudice plays a role in the analysis because "mere delay, without a showing of prejudice, is not sufficient to deny the amendment." *Doherty v. Davy Songer,*

Inc., 195 F.3d 919, 922 (7th Cir. 1999)[1]. However, Plaintiff betrays himself when he states in his motion that "[t]he facts that support the proposed survival claim have been known to all defendants since the initial filing." [DE 48 at 4]. With this statement, Plaintiff creates the compelling inference that he knew of all the facts in his February 2019 complaint in this Court, if not his December 2017 Illinois complaint, just as Defendants did at the same time. Without any explanation for this lengthy delay in attempting to assert survival claims based on facts known to Plaintiff for considerable time, Plaintiff has not shown due diligence in pursuing his claims or otherwise demonstrated that his delay was warranted. Therefore, the Court cannot grant Plaintiff leave now to add the survival claims under Rule 15(a)(2). See Chatham v. Davis, 839 F.3d 679, 686 (7th Cir. 2016) ("refusal to allow an amendment [under Fed. R. Civ. P. 15(a)(2)] is appropriate where . . . a plaintiff has unjustifiably delayed . . . .").

Additionally, Plaintiff's survival claims are futile. "[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss." Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992) (internal citations omitted). "When considering a motion to dismiss, the court should construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." Tamayo v. Blagojevich, 526 F.3d 1074, 1081

---

[1] This is the only Seventh Circuit authority cited by Plaintiff in his motion. In defining the Rule 15(a)(2) standard, Plaintiff relies upon twelve other cases from nine jurisdictions that are not binding on this Court. [See DE 48 at 2–3]. Moreover, Plaintiff miscites Doherty as "Doherty v. Davy Singer, Inc., 193 F 3d 919 (CA 7 1999)." [DE 48 at 3]. Using its resourcefulness, the Court was able to locate Doherty despite Plaintiff's citation deficiencies.

(7th Cir. 2008). Even taking the facts alleged in Plaintiff's proposed Second Amended Complaint as true, the survival claims cannot survive a motion to dismiss.

Indiana's Survival Statute allows "[t]he personal representative of a decedent who was injured [to] maintain an action against the wrongdoer to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived" if the decedent "receive[d] personal injuries by the wrongful act or omission of another; and subsequently die[d] from causes other than those personal injuries." Ind. Code § 34-9-3-4.

Here, Plaintiff does not rebut Defendants' assertion that Mr. Tiede's death was caused solely by the injuries he suffered in the incident at the heart of Plaintiff's wrongful death claim. In fact, Plaintiff alleges exactly that in his proposed Second Amended Complaint. [DE 43-1 at 5, ¶ 32; at 10, ¶ 30; at 14, ¶ 29; at 20, ¶ 28]. Under the Indiana Survival Statute, "if it is clear that the decedent's death was caused by the defendant's actions, only damages for wrongful death, and not those for a survival action, could be shown." *Cahoon v. Cumming*, 734 N.E.2d 535, 543 (Ind. 2000); *see also Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1457–59 (7th Cir. 1996). Accordingly, "damages cannot be awarded for both a wrongful death claim and a survival claim." *Id.* (citing *Galvin*, 86 F.3d at 1457–58). Put another way, "[i]f there is no dispute regarding the cause of the decedent's death, it is obvious that only one theory of recovery may be pursued." *Id.*

That is the situation here. The parties do not dispute that Mr. Tiede died as the result of his injuries from the incident, which form the basis of his wrongful death

6

claim. Had Plaintiff alleged that Mr. Tiede died as the result of causes other than his injuries from the incident, his survival claims could survive a motion to dismiss. As proposed, however, Plaintiff's survival claims are futile.

## Conclusion

As demonstrated above, Plaintiff not only failed to rebut Defendants' arguments but also failed to show good cause for his delay in seeking amendment of his complaint. Moreover, Plaintiff's delay was unjustifiable given his full knowledge of the relevant facts since at least February 2019 if not December 2017. Furthermore, Plaintiff's proposed claims under the Indiana Survival Statute are futile. Therefore, the Court **DENIES** Plaintiff's motion for leave to amend his complaint. [DE 48].

**SO ORDERED** this 28th day of April 2020.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge